In the United States Bankruptcy Court
For the District of Maryland

In Re:
FREDERICK B. KNOTT, SR.                     Chapter 7
                                            Case No. 11- 29141
Debtor(s)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FREDERICK B. KNOTT, SR.

PLAINTIFF

V.                                          Adv. No.:

BOARDWALK 2001, LLC

and

JAY DACKMAN

and

JEFFREY B. SCHULTZ

DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLAINT FOR VIOLATION OF THE DISCHARGE INJUNCTION, VIOLATION, OF THE AUTOMATIC STAY,
FOR CONTEMPT, MONEY DAMAGES. COUNSEL FEES
AND FOR A DECLARATORY RULING DETERMINING THAT THE FORECLOSURE SALE CONDUCTED ON NOVEMBER 18, 2011 AND MONETARY JUDGMENT ENTERED ON OCTOBER 22, 2012 ARE NULLITIES

   Now comes the Debtor Frederick B. Knott, Sr., by his counsel, Richard J. Hackerman, and files this complaint for violation of the discharge injunction, violation of the automatic stay, contempt, money damages, costs and counsel fees, and for an order determining that the foreclosure sale conducted while the Debtor was in Bankruptcy and the automatic stay of Section 362 of the

Bankruptcy Code was in effect is a nullity, and for an order that the monetary judgment in the amount of $36,377.83 entered against the Debtor after the entry of the discharge injunction is a nullity, and for reason says:

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 157 in that this action arises under the above referenced bankruptcy case. This is a core proceeding.

2. On September 23, 2011 the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

3. An order for relief was entered in this case on September 23, 2011 pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection activity against the Debtors. Section 362(a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under

this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

4. On January 6, 2012 the Debtor received a discharge. On February 7, 2012 a final decree was entered.

5. Duly listed creditors included Boardwalk 2001 LLC and Jay A. Dackman, Esquire, its principal, member and owner as well as its' counsel. At all times relevant hereto all counsel referred to herein were the agents, servants and employees of Boardwalk 2001 LLC and its principal, owner, member and counsel Jay A. Dackman. As such Boardwalk 2001 LLC and Jay A. Dackman are liable for the wrongful acts committed by its agents, servants and employees.

6. On July 11, 2011 Boardwalk 2001 LLC filed a foreclosure action against the Debtor with respect to the real property known as 1517 West 36th Street, Baltimore, Maryland.

7. Despite actual notice of the filing of the bankruptcy, Boardwalk 2001 LLC through its counsel Jay Dackman, Esquire conducted the foreclosure sale on November 18, 2011, while the Debtor was in this Chapter 7 case and the automatic stay of Section 362 of the Bankruptcy Code was in effect.

8. Mr. Dackman and Boardwalk 2001 LLC filed in the Circuit Court on December 2, 2011 a motion to file a foreclosure bond nunc pro tunc, as same was not filed prior to the auction of the property as required. That request was denied by the Court. In this pleading Mr. Dackman and Boardwalk 2001 LLC failed to advise the Court that the Debtor had filed for Bankruptcy and that the automatic stay of Section 362 of the Bankruptcy Code was in effect.

9. Mr. Dackman and Boardwalk 2001 LLC filed in the Circuit Court for Baltimore City on December 21, 2011 a motion to file the report of sale nunc pro tunc, as same was not filed prior

to the auction of the property as required.  That request was granted by the Court.  In this pleading Mr. Dackman and Boardwalk 2001 LLC failed to advise the Court that the Debtor had filed for Bankruptcy and that the automatic stay of Section 362 of the Bankruptcy Code was in effect.  Furthermore Mr. Dackman and Boardwalk, LLC filed in the Circuit Court on December 21, 2011:

   a. Affidavit of Purchaser
   b. Affidavit of Auctioneer
   c. Notice of Impending Foreclosure Sale
   d. Affidavit of Compliance
   e. Report of Sale

In these pleadings Mr. Dackman and Boardwalk 2001 LLC failed to advise the Court that the Debtor had filed for Bankruptcy and that the automatic stay of Section 362 of the Bankruptcy Code was in effect.

10.  On January 27, 2012 an amended Petition to allow submission of foreclosure bond nunc pro tunc was filed by Boardwalk 2001, LLC and Mr. Dackman.  That motion was granted on February 24, 2012.  In this pleading Mr. Dackman and Boardwalk 2001 LLC failed to advise the Court that the Debtor had filed for Bankruptcy and that the automatic stay of Section 362 of the Bankruptcy Code was in effect at the time of the foreclosure auction.
.
11.  Ratification of the sale was denied on March 30, 2012 as a result of an issue regarding service upon the Debtor.  Boardwalk 2001, LLC and Mr. Dackman had also failed to indicate that the sale was conducted in a fair manner and that the report was true.

12.  A motion for reconsideration was filed by Boardwalk 2001, LLC and Mr. Dackman in the Circuit Court for Baltimore City on April 4, 2012.   In this pleading Mr. Dackman and Boardwalk 2001 LLC failed to advise the Court that the Debtor had filed for Bankruptcy and the automatic stay of Section 362 of the Bankruptcy Code was in effect at the time of the foreclosure auction.  The motion for reconsideration was granted and the unlawful foreclosure sale was

ratified on January 7, 2012.

13. Mr. Dackman and Boardwalk 2001, LLC were on actual notice of the order for relief entered in this case. These Defendants were on this Court's mailing matrix. In addition Mr. Dackman and Boardwalk 2001, LLC filed a motion for relief from stay in these proceedings on October 23, 2011.

14. That in May and/or June 2012 Mr. Dackman and Boardwalk 2001, LLC provided information to the Circuit Court Auditor regarding monies purportedly due from the Debtor. Within these documents Mr. Dackman and Boardwalk 2001 LLC failed to advise the Auditor that the Debtor had filed for Bankruptcy and the automatic stay of Section 362 was in effect at the time of the foreclosure auction.

15. With the information that Boardwalk 2001 LLC and Mr. Dackman provided, the Court Auditor filed an Auditor's Account on June 15, 2012. That account was ratified on July6, 2012.

16. Despite the entry of the bankruptcy discharge on January 6, 2012, on July 20, 2012 Boardwalk 2001 LLC and Jay Dackman, Esquire filed a motion for deficiency judgment in the Circuit Court Case. Again Mr. Dackman and Boardwalk 2001 LLC failed to advise the Circuit Court that the Debtor had filed for Bankruptcy, that the sale was conducted in violation of Section 362 of the Bankruptcy Code and that the discharge injunction prohibited the entry of judgment against the Debtor. That as a result of that motion a judgment in the amount of $36,377.83 was entered against the Debtor on October 22, 2012.

17. That on June 3, 2013 Boardwalk 2001 LLC through its counsel Jeffrey B. Schultz, Esquire filed a request for the Debtor to appear in the Circuit Court before the Circuit Court's General Master to obtain information to enforce said judgment. That request failed to advise the Court that the Debtor had filed for Bankruptcy, that the sale was conducted in violation of Section 362 of the Bankruptcy Code and that the discharge injunction prohibited the entry of and enforcement of the judgment against the Debtor. That on June 7, 2013 that request was granted by the Circuit Court for Baltimore City and the Debtor was ordered to appear before the Circuit Court General

Master.

18. That on July 31, 2013 the undersigned counsel for the Debtor filed a Suggestion of Bankruptcy with respect to the Debtor in the Circuit Court proceeding.

19. That on August 8, 2013 the Circuit Court entered an order staying all proceedings as to the Debtor.

20. That on November 6, 2014 Boardwalk 2001 LLC filed a request for an oral examination of the Debtor. That request was filed by Boardwalk 2001 LLC who was then represented by Jay A. Dackman, Esquire, Jeffrey B. Schultz, Esquire, Patrick D. McKevitt, Esquire, A. Ari Ghosal, Esquire and the law firm of Whiteford, Taylor and Preston , L.L.P. That request failed to advise the Court that the Debtor had filed for Bankruptcy, that the sale was conducted in violation of Section 362 of the Bankruptcy Code and that the discharge injunction prohibited the entry of and enforcement of the judgment against the Debtor

21. That on December 11, 2014 the Circuit Court for Baltimore City entered an order that the Debtor must appear before the Court's General Master on January 14, 2015 concerning his assets, property, credits and liabilities.

22. That on March 23, 2015 another order was entered requiring hat the Debtor appear before the Court's General Master on April 22, 2015.

23. That on November 19, 2014 Boardwalk 2001, LLC filed two requests for garnishment of the Debtor's property. These requests failed to advise the Court that the Debtor had filed for Bankruptcy, that the sale was conducted in violation of Section 362 of the Bankruptcy Code and that the discharge injunction prohibited the entry of and enforcement of the judgment against the Debtor.

24. That on November 24, 2014 the Court granted those requests and entered orders thereon.

25. That on January 7, 2015 Debtor again filed a suggestion of bankruptcy in said proceeding.

26. That on January 21, 2015 Debtor filed a motion to quash the garnishment and for other relief.

27. That on May 6, 2015 said Motion was granted and Boardwalk 2001 LLC was ordered to terminate all collection activities from the Debtor regarding any claimed deficiencies as a result of the November 18, 2011 foreclosure sale of the property at 1517 W. 36th Street.

28. That a telephone call to Mr. McKevitt by the undersigned counsel for the Debtor asking him to withdraw the post judgment pleading he filed against the Debtor was responded to by Mr. McKevitt to the effect that Mr. Knott's bankruptcy was over and Boardwalk 2001 LLC was free to proceed against him.

29. As of the date of the filing of this complaint, the judgment and lien in the amount of $36,377.83 plus interest at the legal rate that Defendants caused to be entered and recorded in violation of the automatic stay and discharge injunction remains outstanding even though the debt is not due.

30. At no point has any Defendant taken any action to retract any of the filings they instituted.

31. The Defendants' conduct has caused Plaintiff to experience worries and concerns that are separate from the anxiety he felt about the bankruptcy. His reactions and emotions were not fleeting or inconsequential. He suffered significant emotional harm as a result of Defendants' conduct in willfully violating the automatic stay and the discharge injunction . The circumstances surrounding the stay and discharge violations make it obvious that a reasonable person would suffer significant emotional harm. He suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

32. The conduct of the foreclosure sale conducted during the time the automatic stay was in effect and after the entry of the discharge injunction was contemptuous and a nullity. The order

ratifying the foreclosure sale in the Circuit Court for Baltimore City is a nullity.  The proceedings to have a monetary judgment entered and enforced against the Debtor were contemptuous and a nullity.  The judgment in the amount of $36,377.83 entered against the Debtor on October 22, 2012 is a nullity.

33.  The Defendants acted in concert to:

   Harass the Debtor.

   To sell the Debtor's real property during the time the automatic stay was in effect and have the sale ratified by the Circuit Court for Baltimore City.

   To enter the judgment in the amount of $36,377.83 against the Debtor after the entry of the discharge injunction.

   To attempt to collect the judgment, by bringing the Debtor in to court for examinations in aid of enforcement and by attempting garnishment of Debtor's bank accounts after the entry of the discharge injunction.

34.  The Defendants' conduct was willful, intentional, malicious and without legal justification.

COUNT I

STAY VIOLATIONS

35.  The foregoing paragraphs are incorporated herein by reference.

36.  Section 362(k) of the Bankruptcy Code provides:

"(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

37.  Defendants' conduct violated 11 U.S.C. § 362(a) of the Bankruptcy Code.

## COUNT II
## CIVIL CONTEMPT
## VIOLATIONS OF THE SECTION 362 AUTOMATIC STAY

38. The foregoing paragraphs are incorporated herein by reference. The stay of Section 362(a) automatically and immediately arose upon the filing of this case.

39. Plaintiff is entitled to damages for violation of the discharge injunction pursuant to Section 105(a) of the Bankruptcy Code which provides:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

## COUNT III
## CIVIL CONTEMPT
## VIOLATIONS OF THE SECTION 524 DISCHARGE INJUNCTION

40. The foregoing paragraphs are incorporated herein by reference. The discharge injunction of 11 USC 524(a) automatically and immediately arose upon entry of the Debtor's discharge enjoining

"the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;"

41. Section 524 embodies the "fresh start" concept of the bankruptcy code.

42. Plaintiff is entitled to damages for violation of the discharge injunction pursuant to Section

105(a) of the Bankruptcy Code which provides:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

## COUNT IV
## DECLARATORY JUDGMENT
### COURTS AND JUDICIAL PROCEEDINGS SECTION 3-401, ET SEQ.

43. The foregoing paragraphs are incorporated herein by reference. The sale which took place during the time the automatic stay and/or the discharge injunction was in effect was a nullity.

44. The judgment entered by Boardwalk 2001, LLC against the Debtor/Plaintiff was a nullity.

45. Plaintiff is seeking a judgment declaring same.

WHEREFORE, Plaintiff requests an Order:

A. Declaring the Defendants violated the automatic stay.
B  Declaring the Defendants violated the discharge injunction.
C. Awarding Plaintiff compensatory damages in the amount of $175,000.00, punitive damages in the amount of $175,000.00, attorney fees and costs pursuant to 11 U.S.C. § 362(k)
D. Award Plaintiff compensatory damages in the amount of $175,000.00, punitive damages in the amount of $175,000,00, attorney fees and costs for contempt of court for violation of the automatic stay.
E. Award Plaintiff compensatory damages in the amount of $175,000.00, punitive damages in the amount of $175,000.00, attorney fees and costs for contempt of court for violation of the

discharge injunction.

F.  For a declaration that the order of ratification of the foreclosure sale of the real property of the Debtor is a nullity.

G.  For a declaration that the judgment entered against the Debtor is a nullity.

H.  That the Defendants be required to file all necessary pleadings in the Circuit Court case to correct their outrageous actions.

I.  For such other and further relief as the nature of this cause may require.


/S/ Richard J. Hackerman
_____
Richard J. Hackerman
Attorney for the Debtor/Plaintiff
116 West University Parkway
Baltimore, MD 21210
(410) 243-8800