UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore)

| | |
|---|---|
| IN RE: | * |
| | |
| FREDERICK B. KNOTT, SR. | *      Case No.: 11-29141-NAV |
| Debtor | Chapter 7 |
| | |
| *    *    *    *    *    *    * | *      *    *    *    *    *    * |
| | |
| FREDERICK B. KNOTT SR. | * |
| Plaintiff, | Adversary No.: 16-00548-NAV |
| | |
| vs. | * |
| | |
| BOARDWALK 2001, LLC | * |
| | |
| and | * |
| | |
| JAY DACKMAN | * |
| | |
| and | * |
| | |
| JEFFREY B. SCHULTZ | * |
| Defendants | |
| *    *    *    *    *    *    * | *      *    *    *    *    *    * |
| | |
| JAY DACKMAN | * |
| | |
| And | * |
| | |
| BOARDWALK 2001, LLC | * |
| Third-Party Plaintiffs | |
| | |
| Vs | * |
| | |
| WHITEFORD, TAYLOR & PRESTON L.L.P. | * |
| RESAGENT, INC. | |
| SEVEN SAINT PAUL STREET, SUITE 1900 | * |
| BALTIMORE, MD 21202 | |
| REGISTERED AGENT | * |

1

And                                                    *

ANEERBAN ARI GHOSAL                                    *
700 W. 7501 WISCONSIN AVE
BETHESDA, MD 20814                                     *

And                                                    *

JEFFREY BRIAN SCHULTZ                                  *
6030 MARSHALEE DRIVE
SUITE 662                                              *
ELKRIDGE, MD 21075
          Third-Party Defendants                      *

*      *      *      *      *      *      *      *      *      *      *      *      *      *      *

### Third Party Complaint Seeking Damages in Core Adversary Proceeding

### Introduction

1.      This is an action for actual and punitive damages filed by the Third Party Plaintiffs, Jay Dackman and Boardwalk 2001, LLC, in which they seek to recover damages from the Third Party Defendants for breach of contract and legal malpractice.

2.      This action is also filed to enforce the applicable Federal Rules of Bankruptcy Procedure to the extent the same apply to this case.

### Jurisdiction and Venue

3.      Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

4.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Title 28 § 1334 and §157(b) (2) of The United States Code.

5.      This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

6.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the unlikely event this case is determined to be a non-core proceeding the Third-Party Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

7.      Venue lies in this District pursuant to 28 USC §1391(b) of the United States Code.

**Parties**

8.      The third-party plaintiffs in this case are Jay Dackman ("Dackman") an individual whose business address is 825 N. Charles Street, Baltimore, Maryland, 21201 and  Boardwalk 2001, LLC ("Boardwalk") ,  whose business address is 825 N. Charles Street, Baltimore, Maryland, 21201. Both are defendants in the bankruptcy adversary case number 16-00548-NAV.

9      Whiteford, Taylor and Preston, L.L.P.(hereinafter "WTP"), is a limited liability partnership engaged in providing legal services with its principal place of business located at 7 Saint Paul Street, Suite 1900, Baltimore, MD 21202. WTP is registered as a limited liability partnership in the State of Maryland.

10      Aneerban Ari Ghosal (hereinafter "Ghosal"), is an individual engaged in providing legal services with his principal place of business located at 700 W. 7501 Wisconsin  Ave., Bethesda, MD 20814. Ghosal is a licensed attorney in the State of Maryland and employed by WTP.

11.      Jeffrey Brian Schultz  (hereinafter "Schultz "), is an individual engaged in providing legal services with his principal place of business located at 6030  Marshalee Drive, Suite 662, Elkridge,  MD 21075. Schultz is a licensed attorney in the State of Maryland.

**Factual Allegations**

12.      Frederick Knott, Sr.  ("Knott") had previously filed a chapter 7 bankruptcy on September 23, 2011, case 11-29141 (the "bankruptcy"). He received his discharge on January 6, 2012.

13.      Subsequent to the aforementioned discharge, Boardwalk obtained an Order Granting Motion for Deficiency Judgment (hereinafter referred to as the "Judgment") on October 22, 2012, against Knott, in the Baltimore City Circuit Court case titled Boardwalk 2001 LLC. vs. Frederick Knott, Sr. and John Leschefsky, Case # 24-O-11-000829 (hereinafter referred to as the "State Case").  A copy of the Judgment is attached and marked as **exhibit "A".**

14.      Sometime in late April, 2013, Boardwalk through its representative, Dackman, employed Schultz, an attorney, to provide Boardwalk with legal services to collect on the Judgment. Dackman contends he provided whatever information Schultz requested to perform his legal duties. There was no retainer agreement.

15.      Schultz held himself out to the public that he has civil collection litigation experience in the State Court of Maryland.

16.      Despite the facts publically available that Knott filed a prior Chapter 7, received a discharge, Schultz  still filed in the State Case, on May 3, 2013, a Request for Order Directing Judgement Debtor to Appear for Enforcement in Aid of Enforcement of Judgment (hereinafter referred to as "Request #1"). A

copy of Request #1 is attached and marked as **exhibit "B"**.

17.     Schultz owed Boardwalk and Dackman a reasonable duty to exercise that degree of care and diligence to protect his clients from violating US Bankruptcy Code Section 523 discharge injunction, as commonly done by attorneys engaged in the practice of collection law. This reasonable duty included investigating and determining whether or not the Judgment against Knott was previously discharged or dischargeable in the bankruptcy, prior to filing Request #1. This failure constitutes legal malpractice.

18.     By failing to take the precautionary measures herein described and exercise diligence, in protecting Boardwalk and Dackman, Schultz breached his duty he owed to Boardwalk and Dackman in violation of the standards reasonably to be expected of a reasonably competent practitioner in his profession, and in these circumstances, and by his acts and omissions as alleged herein, negligently failed to render proper legal representation to Boardwalk and Dackman. These failures constitute legal malpractice.

19.     With the exception of Schultz's negligence in failing to investigate and determine whether or not the Judgment against Knott was previously discharged in bankruptcy, Boardwalk and Dackman would not have pursued post judgment collection efforts against Knott.

20.     On or about July 24, 2013, an Order of Court (#1) was entered in the State Case, instructing Knott to appear before the Court's General Master, on August 7, 2013 at 11:00 am, at Room 232, Courthouse East, 111 N. Calvert Street, Baltimore, Maryland, 21202. A copy of the Order of Court (#1) is attached and marked **exhibit "C"**.

21.     On July 31, 2013, in the aforementioned State Case, a Suggestion of Stay was filed by Knott's counsel, which stayed (hereinafter referred to as the "Stay"), the State Case, as to Knott, due to his previously filed bankruptcy and subsequent discharge. A copy of the Suggestion of Stay is attached and marked **exhibit "D"**.

22.     On or about August 8th, 2013, an Order (#1) was entered in the State Case, staying the Judgment proceeding against Knott. A copy of the Order (#1) is attached and marked **exhibit "E"**.

23.     Approximately one year later, on or about August 26, 2014, Boardwalk through its representative, Dackman, employed WTP, through its representative, Ghosal, an attorney with WTP, to provide Boardwalk with civil litigation services to collect on thirteen collection matters. The Knott Judgment was one of the thirteen matters. A copy of the retainer agreement is attached and marked **exhibit "F"**.  The said retainer stated in part "I (Ghosal) am quite confident that WTP can represent Boardwalk's interests capably and professionally…"

24.     Ghosal, held himself out to the public that he represents corporate and individual clients in a variety of legal disputes and in all phases of civil litigation before state and federal courts.

25.     Despite the facts publically available that Knott filed a prior Chapter 7, received a discharge,

and obtained a Stay in the State Case, Ghosal still filed in the State Case on November 6, 2014, a Request for Oral Examination of the Judgement Debtor Frederick Knott, Sr. (hereinafter referred to as the "Request #2"). A copy of the Request #2 is attached and marked as **exhibit "G"**.

26.     WTP and Ghosal owed Boardwalk a reasonable duty to exercise that degree of care and diligence to protect their client from violating the US Bankruptcy Code Section 523 discharge injunction, as commonly done by attorneys engaged in the practice of collection law. This reasonable duty included investigating and determining whether or not the Judgment against Knott was previously discharged or dischargeable in Bankruptcy Court prior to attempting to collect. A further investigation of the State Court docket would have easily revealed an Order was recently entered in the State Case, staying any collection efforts as to the Judgment against Knott as reflected in **exhibit E**.

27.     By failing to take the precautionary measures herein described and exercise diligence in protecting Boardwalk, WTF and Ghosal breached their duty they owed to Boardwalk in violation of the standards reasonably to be expected of a reasonably competent practitioner in their profession, and in these circumstances, and by their acts and omissions as alleged herein, negligently failed to render proper legal representation to Boardwalk. These failures constitute legal malpractice.

28.     With the exception of WTF and Ghosal's negligence in failing to investigate and determine whether or not the Judgment against Knott was previously discharged in bankruptcy, Boardwalk would not have pursued post judgment collection efforts against Knott.

29.     The post judgment collection efforts of WTP and Ghosal without providing the necessary preliminary diligence to determine if the Judgement had been previously discharged, was a breach of the retainer contract by not representing Boardwalk's interests capably.

30.     On or about November 24th, 2014, the Court issued a Writ of Garnishment of Property was entered in the State Case. A copy of the Writ of Garnishment of Property is attached and marked **exhibit "H"**.

31.     On or about December 3rd, 2014, the Court issued a second Writ of Garnishment of Property was entered in the State Case. A copy of the second Writ of Garnishment of Property is attached and marked **exhibit "I"**.

32.     That on December 14, 2014, Ghosal and Patrick McKevitt, subsequently entered their appearance in the State Case on behalf of Boardwalk. A copy of the Entry of Appearance filing is attached and marked **exhibit "J"**.

33.     On or about January 21, 2015, a Motion to Quash Writ of Garnishment and for Other Relief was filed in the State Case. A copy of the Motion to Quash Writ of Garnishment and for Other Relief is attached and marked **exhibit "K"**.

34.     On or about March 23rd, 2015, an Order of Court (# 2) was entered in the State Case,

instructing Knott to appear before the Court's General Master, on April 22, 2015 at 11:30 pm (should be am)  at Room 232, Courthouse East, 111 N. Calvert Street, Baltimore, Maryland, 21202. A copy of the Order of Court (#2) is attached and marked **exhibit "L"**.

35.    On or about May 5, 2015, an Order (#2) was entered to Quash the Writ of Garnishment and for Other Relief was filed in the State Case. A copy of Order (#2) is attached and marked **exhibit "M"**.

36.    As a result of Schultz, WTF and Ghosal's negligence and breach of contract, Dackman and Boardwalk has suffered economic loss and emotional trauma.

**WHEREFORE,** the Third-Party Plaintiffs having set forth their claims against the Defendants

respectfully pray of the Court as follows:

A.    Third-Party Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages, plus interest thereon;

B.    Third-Party Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney; and

C.    The Court Order such additional relief as is necessary in the interest of justice.

Date: Tuesday, February 28, 2017          /s/ Robert N. Grossbart, Esquire
                                          Robert N. Grossbart, Esquire (04116)
                                          Grossbart, Portney & Rosenberg, P.A.
                                          Blaustein Building, Suite 1214
                                          One North Charles Street
                                          Baltimore, Maryland 21201
                                          (410) 837-0590
                                          Email: Robert@grossbartlaw.com
                                          Attorney for Third-Party Plaintiffs